## MEMORANDUM IN SUPPORT

## BACKGROUND

On Monday, December 15, 2014 I received a UPS letter package from my ISP concerning a subpoena, which contained a copy of the Order Granting Plaintiff's Motion for Expedited Discovery. From the accounts of prior defendants, these subpoena notifications are followed up by forceful correspondence, persistent phone calls and other methods asking for money to avoid their lawsuit. To protect this doe from the above actions, it is requested that the Motion to Quash Subpoena be given without revealing personal identifying information.

The Plaintiff's legal council is using improper joinders. The Court of Appeals for the District of Columbia Circuit ruled in May that the joinder of many different "John Doe" parties into a single action, for the purposes of obtaining expedited discovery of the Does' identities, is improper when the only basis for joinder is their common participation in a BitTorrent swarm. Also, the U.S. District Court for the District of Oregon also determined that joiner of 50 different Does in a single action – incidentally, a case involving *Dallas Buyers Club* producer Voltage Pictures, LLC – was improper. Legal council has dropped down to 10 different Does, but the principle is the same.

The Plaintiff's legal council is now using several pages of discussion in its form of complaints on permissive joinder to fish for way to overcome the joinder

challenge. The idea of Defendants exchanging the movie with each other, or through the use of a mediator exchanged the movie with others is subjective. There is danger in the methods used by legal council of hurting innocent persons. In a case almost the same as this one, CP Productions, Inc. v. Does 1-300 case 1:2010-cv-06255, the court states that the infringements were separate and apart from the others.

## STATEMENT OF FACTS

Defendant Doe #4 (hereafter "Doe") received a UPS letter from Comcast Cable Communication, LLC. (hereafter "Comcast") explaining they had received a subpoena to give out personal information about Doe. Doe is concerned that the subpoena is asking for information that is not necessary for the Plaintiff to effect service. Doe is concerned that the plaintiff has incorrectly joined 10 individuals as defendants and that an IP address is not equal to a person. Doe is concerned that this causes undue burden and breaches due process.

Doe contents that a certain percentage of individuals are innocent in this blanketed case. The following in an excerpt from Doe's personal journal:

**Monday, December 15, 2014**
  I was in the car getting ready to drive away this morning when the UPS truck drove up. The UPS driver had a document package which he delivered to me in the car. I opened the package and read it. The package was from the Comcast Legal Response Center and was dated December 12, 2014. The letter from Comcast said the Dallas Buyers Club, LLC had filed a federal lawsuit in the United States District Court for the Western District of Washington at Seattle against Does 1-10. I didn't know what the Dallas Buyers Club was. I drove to the community library and logged on to the internet and find out the Dallas Buyers Club was an "R" rated movie.

This doe does not watch "R" rated movies and had never heard of *Dallas Buyers Club* until receiving the letter from Comcast. This seems similar to identity theft; someone has used my IP address, done something illegal and left me holding the bag. Doe has seen cars parked in front of home for long periods of time and wondered why; they may have been using my IP address. A neighbor may have hacked into my Comcast service. I don't know who did this; I just know Doe did not. The same day I received the UPS letter from Comcast; I phoned Comcast and changed my security information.

## LEGAL DISPUTE

### 1. Plaintiff Has Improperly Joined 10 Separate Individual Defendants

The Plaintiff may say that its allegations are based on the use of the internet to download a single movie with a single "unique" hash. This may be true, but doesn't change the legal premise. The acts were committed by unrelated defendants, at different times and at different locations. The individual Defendants have no knowledge of each other. The Plaintiff cannot show that the Defendants downloading came jointly in any case. Putting unrelated defendants together in one lawsuit does make litigation less expensive for the Plaintiff by avoiding the separate filing fees and other expenses, but legally, the joinder principle should be followed in this case. By not doing so raises genuine questions of individual fairness and individual justice.

## 2. The subpoena to Comcast requires too much personal information and the Does are unclear.

In the Order Granting Expedited Discovery sent to Comcast states that it is seeking information sufficient to identify each Doe Defendant. The Plaintiff is asking for name, telephone number, address, email address, and Media Access Control address (if available). The Plaintiff has asked for personal information beyond the limited purpose of identifying the Does. Because of the wording in the Order, Comcast may transfer more personal information than is needed to effect service. All the Plaintiff needs to effect service is Doe's name and address. The most important factor is that the Plaintiff has no proof that the Does acted in any way to violate copyright law. Anyone could be using a Does IP address without the Doe even knowing about it; this particular Doe is proof of that.

## 3. The Internet Protocol (IP) address does not accurately identify a single individual.

Judge Harold A. Baker wrote in an order to deny expedited discovery:

> The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections.

Judge Baker went on to say:

> The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.

### 4. Undue Burden

A subpoena shall be quashed if it subjects a person to undue burden. This subpoena does not allow a reasonable time to comply. It requires a person to comply beyond the geographical limits specified in Rule 45(c) and it requires the disclosure of privileged matter; it subjects a person to undue burden.

### Relief From The Court

Defendant John Doe #4 respectfully prays the Court Grants Defendant's Motion to Quash Plaintiffs Subpoena to Comcast Cable Communication, LLC and such other relief as is just and equitable under the facts and circumstances to this case.

Dated: December 23rd, 2014                     Respectfully submitted,

                                               */s/ J Doe*
                                               John Doe #4
                                               Pro se

United States District
District of Washington
Clerk's office
700 Stewart Street Suite 2310
Seattle, WA. 98101