1

2

Honorable Richard A. Jones

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE WESTERN DISTRICT OF WASHINGTON

11

Dallas Buyers Club, LLC,

Case No. 14-cv-1819-RAJ

12

Plaintiff

13

v.

MOTION TO QUASH THIRD-
PARTY SUBPOENA

14

DOES 1-10,

15

Noted: May 29, 2015

16

Defendants.

17

18

## MOTION TO QUASH THIRD-PARTY SUBPOENA

19

COMES NOW, Chloe Harris, an individual, by and through counsel,

20

21

and moves this Honorable Court for an order quashing a non-party subpoena

22

served on her by Plaintiff Dallas Buyers Club, LLC in this matter.

23

Counsel for the parties attempted to meet and confer in person prior

24

25

the filing of this motion, but the extremely short time for compliance

26

envisioned by Plaintiff's subpoena rendered such efforts impossible.

27

Motion to Quash
Case No. 14-cv-1819-RAJ

Page 1

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## I.   BACKGROUND

Plaintiff Dallas Buyers Club, LLC ("DBC") filed several complaints[1] in the District Court for the Western District of Washington alleging that several "John Does" violated its purported copyright to a movie entitled "Dallas Buyers Club." DBC sought and this Court granted early discovery to allow DBC to seek personally identifiable information about a number of accused defendants. DBC used an Internet Protocol (IP) address to identify each defendant.

Apparently unsatisfied with the information it has obtained so far, DBC moved the Court for leave to allow DBC to seek still more information in several of these similar cases, this time directly from the identified subscribers. See, e.g., *Dallas Buyers Club, LLC v. Does 1-10*, Case No. 2:14-cv-1336, Dkt 25 (Feb. 9, 2015 Motion WAWD). However, DBC did not file such a motion in the instant case.

In the other, similar cases, this Court struck DBC's motions. DBC was notified that it had not included any form of subpoena illustrating what it would be seeking from third-parties, and various other deficiencies. Again, no

---

1   See Case Nos. 2:14-cv-01153-RAJ; 2:14-cv-01336-RAJ; 2:14-cv-01402-RAJ; 2:14-cv-01684-RAJ; 2:14-cv-01926-RAJ; 2:15-cv-00580-RAJ; 2:15-cv-00133-RAJ; 2:15-cv-00581-RAJ; 2:15-cv-00582-RAJ; 2:15-cv-00134-RAJ; 2:15-cv-00576-RAJ; and 2:15-cv-00579-RAJ.

Motion to Quash
Case No. 14-cv-1819-RAJ

Page 2

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

such order was entered in the instant action because DBC did not file its motion in the instant action.

DBC has begun issuing subpoenas on the third-party subscribers in this and, presumably, other actions seeking early discovery. One such subpoena was served on Ms. Samantha Chloe Harris, movant on the instant motion.

## II.   DBC'S SUBPOENA SHOULD BE QUASHED OUTRIGHT

The Federal Rules are unambiguous that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)". Fed. R. Civ. P. 26(d)(1). "Any source" includes third-parties. See *Graves v. Holder*, Cause No. CIV S-10-2970 (E.D. Ca. Feb. 3, 2011).

There has been no Rule 26(f) conference in this case. There cannot have been since not a single defendant has even been named in this matter, even though more than four months have passed since this Court initially granted DBC "expedited" discovery. See Dkt 8. Accordingly, until DBC actually names a defendant and conducts a Rule 26(f) conference, it cannot seek discovery from any source and its subpoena is improper. For at least that reason, DBC's subpoena should be quashed in its entirety. Until DBC actually names a party and conducts a Rule 26(f) conference (and thereby

Motion to Quash
Case No. 14-cv-1819-RAJ

Page 3

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

opens itself up to the consequences of pursing this litigation), it is simply without discovery power. Ms. Harris respectfully requests that the Court QUASH the third-party subpoena that has been served on her.

### III.   DBC'S SUBPOENA SHOULD ALSO BE QUASHED ON SUBSTANTIVE GROUNDS

In addition to being premature, DBC's subpoena should be denied as overly burdensome. As a third party, any subpoena served on Ms. Harris must be narrowly fashioned to minimize its burden. See  *WM High Yield v. O'Hanlon*, 460 F.Supp.2d 891, 895-896 (S.D. Ind. 2006)("non-party status is a significant factor a court must consider when assessing undue burden for the purpose of a Rule 45 motion."); *American Standard Inc. v. Pfizer Inc*., 828 F.2d 734 (Fed. Cir. 1987) (affirming district court's restriction of discovery where non-party status "weighted against disclosure" ); *American Electric Power Company, Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Oh. 1999) (status as a non-party is a factor that weighs against disclosure); *Solarex Corp. v. Arco Solar, Inc*., 121 F.R.D. 163, 179 (E.D.N.Y. 1988) (non-party status is a significant factor in determining whether discovery is unduly burdensome). However, the subpoena served by DBC is overly burdensome and seeks to obtain information from Ms. Harris as if she were a named defendant, which she is not.

Motion to Quash
Case No. 14-cv-1819-RAJ

Page 4

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

First, the subpoena violates Rule 45(d)(3)(A) in that it did not provide Ms. Harris with sufficient notice to comply even if she had voluntarily agreed to do so. The subpoena was served on Ms. Harris after hours (at approximately 9:00pm) on Wednesday, April 22. Harris Decl, ¶ 2. Ms. Harris was ordered to appear for a deposition on Wednesday, April 29. Harris Decl, Exh. A. Four working days to comply with a subpoena is patentably unreasonable. See, e.g., *Donahoo v. Ohio Dept. of Youth S'vcs*, 211 F.R.D. 303, 306 (N.D. Ohio 2002)(less than fourteen calendar days unreasonable). Expecting Ms. Harris to juggle her entire schedule on one-weeks notice, especially given her unique employment and family circumstances, places an enormous burden on her that renders the DBC subpoena invalid.

16
17
18
19
20

Second, the subpoena makes unreasonable demands for documents which Ms. Harris should not be required to gather and produce without even being a named defendant. The DBC subpoena demands that Ms. Harris produce, on 4 business days notice:

21
22
23
24

(1) any communications related to copyrights or infringement received by anyone at your location; (2) Any documents identifying users of IP address [X.X.X.X] and the Internet at your location since January 1, 2014; and (3) Any documents, files or communications relating to BitTorrent.

25
26
27

Harris Decl., Exh. A.

Motion to Quash
Case No. 14-cv-1819-RAJ

Page 5

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Requiring Ms. Harris to produce all documents identifying every user of the Internet at Ms. Harris's location for an entire sixteen-month period is categorically unreasonable. In addition, it may require that Ms. Harris engage an ESI discovery expert as Ms. Harris is without the skills to perform such an investigation herself. Harris Decl., ¶ 7. Still further, identifying exactly what are "documents, files or communications relating to BitTorrent" remains a mystery. How something "relates to BitTorrent" is nowhere defined or described and has no meaning in the abstract. DBC's subpoena essentially asks Ms. Harris to produce documents "relating to software." That could be everything or nothing; there is no way to determine what is responsive and what is not.

Finally, there are really only two questions that DBC should need to ask of Ms. Harris: (1) Did you do what you are accused of doing? (2) If you didn't do it, do you know who did? Even those questions exceed what DBC should need to ask at this stage of the proceeding. Keep in mind that this proceeding has not yet proceeded to open discovery. DBC should not have available to it the full range of discovery while denying the same to Ms. Harris. Doing so may well run afoul of procedural due process.

If DBC is allowed any discovery whatsoever prior to opening itself up to similar discovery burdens, it should be tightly limited to nothing more than

Motion to Quash
Case No. 14-cv-1819-RAJ

Page 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

necessary to determine if Ms. Harris has knowledge of the allegations in the complaint; nothing more. DBC should definitely not be entitled to force Ms. Harris to the burden and extreme expense of ESI document production without even being a named party, unless the Court shifts the costs of such production as set forth following.

**IV.    REQUEST FOR COMPENSATION PURSUANT TO RULE 45**

In the Ninth Circuit, where the costs imposed on a third-party for complying with a subpoena are significant, as here, those costs must be shifted to the requesting party. See *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013)("Rule 45(d)(2)(B)(ii) requires the district court to shift a non-party's costs of compliance with a subpoena, if those costs are significant."). The failure to shift costs under these circumstances constitutes reversible error. *Legal Voice*, 738 at 1185 (9th Cir. 2013)(although sanctions are discretionary, cost-shifting is mandatory).

In the instant case, Ms. Harris is an individual without legal training being subjected to repeated harassment and threats of legal action. To comply with the DBC subpoena and protect her interests, Ms. Harris has been required to engage legal counsel. In addition, if she is required to comply with the DBC subpoena she will incur additional legal expenses, be forced to miss significant work, and may incur additional expenses

Motion to Quash
Case No. 14-cv-1819-RAJ

Page 7

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

conducting ESI discovery of her computing system. See Harris Decl, ¶¶ 5-8. For an individual, the combined expenses of complying with the DBC subpoena easily rise to the level of significant, thereby invoking the Ninth Circuit's mandatory cost-shifting rule. Accordingly, should the Court conclude that Ms. Harris should be ordered to comply with the DBC subpoena either in whole or in part, Ms. Harris respectfully requests that the costs of such compliance be shifted to DBC. Ms. Harris currently estimates that her expenses for compliance with the DBC subpoena as written would total approximately $3,500. *Id.*

Dated: April 28, 2015          Respectfully submitted,


    /s/ *John Whitaker*
John Whitaker
WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
p: (206) 436-8500
f: (206) 694-2203
e: *john@wlawgrp.com*

Attorneys for Jeff Pleake

Motion to Quash
Case No. 14-cv-1819-RAJ

Page 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## CERTIFICATE OF SERVICE

The undersigned attests that the foregoing document has been

served on all parties of record via the Court's ECF service system on the

date indicated below.


Dated: April 28, 2015                    /s/ *John Whitaker*
                                          John Whitaker


Motion to Quash
Case No. 14-cv-1819-RAJ          Page 9

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500