Honorable Richard A. Jones

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| Dallas Buyers Club, LLC, | |
|---|---|
| Plaintiff | Case No. 14-cv-1819-RAJ |
| v. | Opposition To Plaintiff's Renewed Motion For Leave To Take Third-Party Discovery |
| DOES 1-10, | |
| Defendants. | |

COMES NOW, Jeff Pleake, an individual, by and through counsel, and hereby OPPOSES Plaintiff Dallas Buyers Club, LLC's (DBC's) renewed motion for leave to take third-party discovery.

## I.   INTRODUCTION

For a case without a single named defendant, this case has seen substantial litigation. This case was originally filed on November 26, 2014. There have been over 30 docket entries in this matter. Still, there is not one single named defendant.

Opposition
Case No. 14-cv-1819-RAJ

Page 1

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

Although Plaintiff DBC originally sought leave to serve subpoenas on subscribers in other, similar cases, DBC did not do so in this matter. See, e.g., Case No. 14-cv-1336, Dkt 25. This Court terminated those motions for failing to properly set out exactly what discovery DBC was seeking. See Case No. 14-cv-1336, Dkt 28.

DBC did not serve a motion to seek third-party discovery in the instant action. Regardless, DBC began serving third-party subpoenas on subscribers in the instant action. Two subscribers are represented by the undersigned attorney, and filed motions to quash. See Dkt Nos. 22, 24. This Court granted those two motions and quashed the subpoenas served on all third parties subject to limitations set out in the Court's order. See Dkt 26.

In its order, the Court directed DBC to amend its complaint and name any parties against which it intended to proceed within 30 days or explain why it needed to proceed against any Doe parties. *Id*. Those 30 days have now passed, and DBC has still not named a single defendant. Instead, DBC has renewed its motion to seek third party discovery.

## II. DBC'S MOTION SHOULD BE DENIED

It is worth noting that DBC's motion affects no one other than the two subscribers, represented by undersigned counsel, who filed motions to quash subpoenas served on them. This matter was initiated against ten Doe

Opposition
Case No. 14-cv-1819-RAJ

Page 2

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

defendants. Of those ten, seven have now been dismissed. See Dkt Nos. 12, 13, 15, 27, 28, 29, 30. That leaves only three currently-unnamed does: Does No. 5, 6, and 9. Of those, DBC alleges that it is prepared to name Doe No. 5 now, although it offers no reasonable explanation why it has not done so. See Dkt 31, page 3, line 12. The only two remaining doe defendants, Does No. 6 and 9, are Chloe Harris and Jeff Pleake; the two individuals who filed motions to quash the unwarranted subpoenas served on them. See Dkt 23, 25.

Ms. Harris and Mr. Pleake have denied any wrongdoing, and have made that known to DBC. Nonetheless, DBC insists on pursuing this action against them. As set out in their earlier motions, DBC's approach is obviously an attempt to exert maximum pressure on these subscribers and force them to incur unnecessary attorneys fees and costs, all the while remaining immune from the inevitable fees motion that will inevitably result from being improperly named.

All Mr. Pleake asks for is a level playing field. Mr. Pleake knows he has done nothing wrong. Mr. Pleake knows he will prevail in this matter if it were to proceed against him. Accordingly, Mr. Pleake requests that the Court deny DBC's motion to seek discovery against him. If DBC has a reasonable basis upon which to proceed against Mr. Pleake, then it should not have any reservations about moving forward. However, DBC's reservations no doubt

Opposition
Case No. 14-cv-1819-RAJ

Page 3

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

stem from the reality that even if some accused subscribers committed the acts of which they were accused, certainly not all of the accused subscribers did. For example, even in this matter, a number of doe defendants were dismissed because apparently DBC's initial investigation is flawed. See, e.g., Dkt 27 (dismissing Doe 1 because the subscriber information provided was apparently flawed); Dkt 29 (dismissing Doe 4 because the IP address provided by DBC apparently did not correspond to an infringer).

Unless DBC names Mr. Pleake, he cannot recover attorneys fees as the prevailing party. DBC is engaging in asymmetric litigation by forcing Mr. Pleake to incur attorneys fees without the possibility of recovering those fees as envisioned by the Copyright Act. Accordingly, Mr. Pleake respectfully requests that the Court deny DBC's motion. DBC should be required to either move forward or stop harassing innocent people.

### III. REQUEST FOR COMPENSATION PURSUANT TO RULE 45

Mr. Pleake has already set out the substantial hardship and expense that will burden him if he is forced to respond to third-party discovery. See Dkt 23. Nothing has changed.

In the Ninth Circuit, where the costs imposed on a third-party for complying with a subpoena are significant, as here, those costs must be shifted to the requesting party. See *Legal Voice v. Stormans Inc.*, 738 F.3d

Opposition
Case No. 14-cv-1819-RAJ

Page 4

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

1178, 1184 (9th Cir. 2013)("Rule 45(d)(2)(B)(ii) requires the district court to shift a non-party's costs of compliance with a subpoena, if those costs are significant."). The failure to shift costs under these circumstances constitutes reversible error. *Legal Voice*, 738 at 1185 (9th Cir. 2013)(although sanctions are discretionary, cost-shifting is mandatory).

As set out earlier, Mr. Pleake estimates that his expenses for compliance with the DBC subpoena as earlier served on him would total approximately $5,400. See Dkt 23. That sum is significant given Mr. Pleake's unique circumstances. Accordingly, should the Court be inclined to allow DBC's discovery to proceed, Mr. Pleake respectfully requests that the costs of compliance with that subpoena be shifted to DBC.

Dated: June 9, 2015            Respectfully submitted,

                                                  /s/ *John Whitaker*
                                          John Whitaker
                                          WHITAKER LAW GROUP
                                          1218 Third Avenue, Suite 1809
                                          Seattle, WA 98101
                                          p: (206) 436-8500
                                          f: (206) 694-2203
                                          e: *john@wlawgrp.com*

                                          Attorneys for Jeff Pleake

**CERTIFICATE OF SERVICE**

The undersigned attests that the foregoing document has been served on all parties of record via the Court's ECF service system on the date indicated below.

Dated: June 9, 2015                     /s/ *John Whitaker*
                                                          John Whitaker

Opposition
Case No. 14-cv-1819-RAJ

Page 6

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500