Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-10, <br><br> Defendants. | Civil Action No. 14-cv-1819RAJ <br><br> REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT, MAINTAIN DOE DEFENDANTS AND ISSUE FRCP 45 SUBPOENA TO NONPARTIES |

Respondent Jeff Pleake incorrectly asserts that this case has seen substantial litigation, pointing to "over 30" docket entries. In reality, apart from the earlier motion to quash by Doe 6 and Mr. Pleake's recent reply, the vast majority of the docket entries pertain to either the initial motion for discovery from the Internet Service Provider ("ISP") or successful negotiated settlements with responsible parties and dismissals when ISP subpoena responses did not provide sufficient data to identify the responsible party. As in the other analogous *Dallas Buyers Club* cases, DBC has sought to efficiently resolve this case while respecting the Court's judicial resources, ISP timetable and the Doe Defendants' rights.

DBC's present motion for leave seeks to address the Court's standing order in this case and most efficiently confirm the identity of the remaining two Doe Defendants (Does 6 and 9). As explained in its underlying motion, DBC is prepared to name Defendant Doe 5 upon Court

REPLY IN SUPPORT OF MOTION FOR LEAVE - 1
Civil Action No. 14-cv-1819RAJ
INIP-6-0010P12 RPLY

LOWE GRAHAM JONES﹒
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

approval. The reasonable explanation for why DBC submitted the motion for leave rather than amended complaint naming this single new Doe is that it would be most efficient to await the requested deposition discovery of the remaining identified subscribers so that all proper responsible parties can be named in a single amended complaint rather than filing multiple amended complaints.

Mr. Pleake's argument that the requested third party deposition discovery should be denied until he is named as a party to provide a "level playing field" is nonsensical. The apparent sole reason for demanding that Mr. Pleake be named is so that he can seek attorney's fees on a technicality, if it ultimately turns out that someone else in Mr. Pleake's household or to whom Mr. Pleake provided access to his IP address—which Mr. Pleake has refused to voluntarily identify—is responsible. Mr. Pleake inconsistently demands that DBC name him while threatening to accuse DBC of a frivolous case if it does name him.

As outlined in DBC's complaint and motion for leave, DBC is seeking to identify the Doe defendant who used IP address 73.53.116.211 to infringe DBC's rights. DBC's investigators observed this IP address—assigned to Mr. Pleake—associated with over 50 BitTorrent titles (adult titles have been redacted); some of the observed activity is filed herewith as Exhibit A. As evidenced by the scope and persistence of the activity associated with IP address 73.53.116.211, which continued from March 2014 through early December 2014, it is likely the Doe Defendant is a permissive user of the subscriber's Internet service and likely a long-term resident of the household. ISP Comcast has identified Mr. Pleake, a singular subscriber, in a stand-alone residence that was assigned the IP address used by the Doe Defendant. DBC has used available Snohomish county data records to confirm that Jeff Pleake is the owner of the house since May 2010. (Exhibit B) The same records confirm that it is a 4-bedroom 3-bath single family residence occupied by what appears to be the subscriber. (Exhibit C) Google maps confirms that the house is a single family residence on a standard city lot, rather than a shared duplex, apartment complex or other configuration with an adjacent property. (Exhibit D) This independent

REPLY IN SUPPORT OF MOTION FOR LEAVE - 2
Civil Action No. 14-cv-1819RAJ
INIP-6-0010P12 RPLY

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

information corroborates the data provided by ISP Comcast and what has been found in virtually every other BitTorrent case prosecuted in this jurisdiction to date—that either Mr. Pleake, the subscriber, or someone in the household or other permissive long term occupant or visitor is the party responsible for the copyright infringement.[1]

Mr. Pleake has denied being the person responsible for the infringement and refuses to cooperate with DBC. Based on activity observed associated with the IP address 73.53.116.211, while it is certainly possible that the Mr. Pleake, a man in his 50's (Exhibit E), has an affinity for such items as The Croods, Maleficent and Monsters University (see BitTorrent items in Ex. A), as well as the more mature BitTorrent titles observed, it is at least equally plausible that another party residing with the subscriber, or having access to the subscriber's IP address, is responsible for some if not all of the observed BitTorrent activity, and the actual infringer of *Dallas Buyers Club*. DBC is therefore left with the options of either (a) proceeding against the subscriber and possibly substituting another party after discovery if it is determined that the subscriber is not the responsible party, or (b) seeking early discovery to confirm the identity of the Doe defendant responsible for the infringement prior to naming a party. For the reasons explained in its motion, DBC respectfully submits that the second option is the most efficient in this case.

This is not a situation where DBC is "harassing innocent people." DBC has certainly provided more than adequate basis for pursuing further narrow discovery related to the IP address responsible for the infringement, and should be given the opportunity to conduct the necessary discovery to confirm its complaint allegations.[2] The fact that counsel for Mr. Pleake has expressly threatened DBC that naming their client may expose them to sanctions and is

---

[1] Contrary to Mr. Pleake's conclusory assertion, there is no evidence that the BitTorrent investigation is flawed in any degree. Indeed, as confirmed by expert testimony of record (see Dkt. #5), the BitTorrent investigation in this and other analogous cases has a stellar track record in correctly identifying the IP address responsible for the observed infringement. And the ISP's have been consistently efficient and accurate in the subpoena data provided in these cases.

[2] DBC could pursue these cases *in rem* against each IP address as another way to seek discovery of the subscriber. But given that in the vast majority of cases to date the subscriber is the responsible party, or accepts responsibility for others in the household, the present pattern appears the most efficient.

REPLY IN SUPPORT OF MOTION FOR LEAVE - 3
Civil Action No. 14-cv-1819RAJ
INIP-6-0010P12 RPLY

LOWE GRAHAM JONES™
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

expending considerable effort to avoid a short, narrow deposition aimed at identifying the responsible party suggests that Mr. Pleake has something to hide. A subscriber should not be allowed to shield, immunize and anonymize those they allow to use their Internet service from liability for intentional torts. The subscriber is the single best and perhaps only source of information as to the responsible party using its IP address. Indeed, the Ninth Circuit has suggested that willfully hiding or shielding occupants from DBC may be recognized as post-conduct ratification. *See Swenson v. Potter*, 271 F.3d 1184, 1191-92 (9th Cir. 2001).

Mr. Pleake cannot dispute that courts routinely allow discovery to identify "Doe" defendants. *See, e.g., Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). This applies equally to plaintiffs who have failed to identify any defendant and must, therefore, engage in non-party discovery to determine the identity of the proper defendants. *Cottrell v. Unknown Correctional Officers*, 1-10, 230 F.3d 1366, 1366 (9th Cir. 2000) ("The district court erred when it concluded that discovery would not uncover the identities of the defendants because there were no named defendants to serve in this case. Federal Rule of Civil Procedure 26(d) allows the district court to order discovery early in the case and Rule 45 allows service of a subpoena on a nonparty.") In this case, FRCP 45 specifically authorizes narrow depositions of the nonparty subscribers on matters related to the access and use of their Internet service by other occupants of or visitors to the physical address to identify the party responsible for the infringement observed at the subscriber's IP address at the time in question. See, e.g., a recent Oregon decision in favor Rule 45 discovery in an analogous situation. (Exhibit F)

Contrary to Mr. Pleake's assertion, this approach is most efficient and avoids unnecessary attorney's fees and costs. Per the Court's earlier order, DBC has proposed a narrowly tailored deposition subpoena (1) limited to no more than two hours; (2) seeking only testimony of the subscriber or other resident identified by the ISP, not any document production; and (3) allowing

REPLY IN SUPPORT OF MOTION FOR LEAVE - 4
Civil Action No. 14-cv-1819RAJ
INIP-6-0010P12 RPLY

LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

for at least 30 days between service of the subpoena and the time for complying with the subpoena. The proposed deposition is not unduly burdensome on Mr. Pleake, and certainly does not justify any payment of the unnecessary fees and costs Mr. Pleake and his counsel have elected to expend in this case—all of which pertain to Mr. Pleake's decision to challenge the subpoena rather than working with DBC, and none relate to subpoena compliance. Indeed, as confirmed in the email exchange with DBC counsel, Mr. Pleake ignored DBC's efforts to accommodate a narrower deposition, forcing DBC to expend yet further effort as it seeks to identify the responsible party in the absence of cooperation from Mr. Pleake and other similarity situated subscribers. (Exhibit G) Mr. Pleake misapplies *Legal Voice v. Stormans Inc.*, 738 F.3d 1178 (9th Cir. 2013) (subpoena *duces tecum* on Law Center seeking production of fourteen categories of documents). Here, the narrow, two-hour deposition of Mr. Pleake, does not seek any production of document or create "significant expense." Mr. Pleake will be provided the standard subpoena witness and mileage fee, and DBC has and continues to offer to work with Mr. Pleake (and other subscribers) as reasonably possible to find a mutually convenient time for the deposition.

Accordingly, pursuant to Federal Rule of Civil Procedure 26 and 45, DBC respectfully urges the Court to permit the requested FRCP 45 subpoenas, after which DBC shall amend the complaints to name the confirmed responsible parties, where possible.

RESPECTFULLY SUBMITTED this 15th day of June, 2015.

                                        s/David A. Lowe, WSBA No. 24,453
                                        Lowe@LoweGrahamJones.com
                                        LOWE GRAHAM JONES PLLC
                                        701 Fifth Avenue, Suite 4800
                                        Seattle, WA 98104
                                        T: 206.381.3300

                                        Attorneys for Plaintiff Dallas Buyers Club, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system as well as Doe 4 via U.S. Mail to the address noted on the motion envelope:

        Occupant
        P.O. Box 873151
        Vancouver, WA 98687

                                    s/ David A. Lowe

REPLY IN SUPPORT OF MOTION FOR LEAVE - 6
Civil Action No. 14-cv-1819RAJ
INIP-6-0010P12 RPLY

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301