HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DALLAS BUYERS CLUB, LLC,

    Plaintiff,

    v.

JOHN DOES 1 THROUGH 10,

    Defendants.

CASE NO. C14-1819RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on Plaintiff's motion requesting leave to issue subpoenas and to delay naming a party who Plaintiff can name as a Defendant. For the reasons stated herein, the court GRANTS the motion (Dkt. # 31) only to the extent stated in this order.

## II.  DISCUSSION

**A.     Plaintiff is Still Unable to Name Most Defendants.**

On May 4, the court issued case management orders in this case and 12 similar cases; the orders were intended to require Plaintiff to demonstrate progress toward bringing these cases to a conclusion. The results have been mixed. One of those cases (No. C14-1402RAJ) reached a conclusion after Plaintiff resolved or withdrew its claims against the 10 defendants in that suit. All other cases are still pending, although Plaintiff has withdrawn or resolved its claims against many of the defendants in those suits.

ORDER – 1

In this case and 5 others like it, Plaintiff faced an early June deadline to either file an amended complaint that named no John Doe defendants, or file a motion to amend in which Plaintiff explained why it wished to continue to name one or more John Doe defendants.  Plaintiff elected to file 6 "motions to amend."  The court uses quotation marks because, as it will soon discuss, Plaintiff prefers to delay filing an amended complaint for months at least.

In none of the 6 cases is Plaintiff prepared to name more than a single defendant. In this case, for example, Plaintiff has pending claims against only three defendants, but Plaintiff is prepared to name only one of them – the party currently known as Doe No. 5. Plaintiff is not prepared to name *any* defendants in Case No. C14-1336RAJ, a case where 3 Doe defendants remain, although Plaintiff filed that case in August 2014.  Plaintiff is willing to name just one defendant in Case No. C14-1684RAJ, a case where two defendants remain.  Plaintiff will name only one of 17 defendants who still remain in Case No. C14-1926RAJ and only one of 17 defendants who still remain in Case No. C15-134RAJ.  Plaintiff cannot name *any* of the 7 defendants who remain in Case No. C15-133RAJ.

Plaintiff's justification for being unable to name the vast majority of the people it is still suing (in cases that have been pending for at least 5 months, and as many as 10 months) is that although it has learned (via subpoenas to an internet service provider) the names of the subscriber whose internet account was allegedly used to download copies of Plaintiff's copyrighted motion picture, *Dallas Buyers Club*, it has been unable to confirm that the subscriber is the person who allegedly infringed its copyright.  In some instances (the court has no idea how many), that is because the subscribers have refused to confer voluntarily with Plaintiff.  In other instances (the court has no idea how many), that is because the subscriber has denied responsibility for the copyright infringement and Plaintiff has not determined who *is* responsible.

ORDER – 2

### B. Plaintiff Requests Leave to Issue Subpoenas and to Delay Filing Amended Complaints.

To help determine who is responsible, Plaintiff proposes to issue subpoenas to the 2 subscribers associated with the IP addresses at which the alleged infringement occurred. Plaintiff's proposal is a marked improvement over discovery practices that the court disapproved of in its May 4, 2015 order in this case. In that order, the court prevented Plaintiff from persisting with subpoenas that would have required the targets to appear for depositions (with no time limit other than the 7-hour default limit of Federal Rule of Civil Procedure 30 (d)(1)) on notice of as little as 7 days. Those subpoenas also included burdensome document requests. Plaintiff now proposes subpoenas for deposition testimony only, promises to set the depositions for at least 30 days from the date of service (in compliance with the May 4 order), promises to limit each deposition to 2 hours, and promises to accompany the subpoenas with a letter explaining that Plaintiff will cooperate, within reasonable limits, to reschedule a deposition for a mutually convenient time. Because it is reasonably likely that these subpoenas will lead to the discovery of relevant information, and because Plaintiff has taken steps to ease the burden the subpoenas will impose on their targets, the court will permit Plaintiff to serve subpoenas in the manner described above.

Plaintiff asserts that is willing to file an amended complaint naming Doe No. 5, but requests that the court not require it to do so, because it will have to amend the complaint later after it conducts additional discovery to identify still-unnamed Doe defendants. As a matter of convenience to the court and to Plaintiff, that proposal has some benefits. That proposal ignores, however, the disadvantages to the dozens of people left in limbo by Plaintiff's slow-moving investigation.

### C. Plaintiff's Proposal to Proceed Without Naming Any Defendants Is Unfair Both to People It Can Name and to the Targets of Its Subpoenas.

Because Plaintiff has named no Defendants in all but one of these cases, it continues to seek relief ex parte. It does so even in cases where the subscribers whose

ORDER – 3

names it has uncovered have obtained counsel who have registered to receive electronic filing. This case is a good example. Plaintiff is well aware that two subscribers (Jeff Pleake and Chloe Harris) have obtained counsel and have resisted Plaintiff's efforts to obtain discovery from them with some success. Plaintiff nonetheless filed the motion before the court as an ex parte motion, and noted it for the same day it was filed. The two subscribers at least had notice of the ex parte motion, because their counsel is registered to receive electronic filing in this case. But to register their opposition, they had to count on the court not granting relief immediately. Doe No. 5, however, received no notice at all of Plaintiff's motion. He or she had no opportunity to oppose it or to state an objection. With the exception of the court's requirement to serve the May 4 order on Doe No. 5, he or she knows only as much about this case as Plaintiff has chosen to reveal.

In addition, whereas a party can require Plaintiff to submit to discovery and to meet other case obligations, a non-party cannot. The court's May 4 order, for example, required that Plaintiff conduct individual discovery conferences with the people it named as Defendants. Now, Plaintiff proposes to continue to deny discovery to everybody entangled in its investigations, even as they face the burdens of discovery. That means that subpoena targets (like Mr. Pleake and Ms. Harris) cannot test the evidence on which Plaintiff relies to continue investigating them, and nameable-but-not-yet-named defendants like Doe No. 5 cannot test the evidence that allegedly makes them liable.

As to Doe No. 5 (and others who Plaintiff is prepared to name but prefers not to) Plaintiff proposes to dangle indefinitely the threat of a lawsuit while depriving him or her of a defense from that lawsuit. Perhaps Doe No. 5 and others in the same position would prefer to delay being named, but perhaps they would prefer to force Plaintiff to name them or give up.

In addition to these concerns, Mr. Pleake raised at least one other in an opposition to Plaintiff's motion. He contends that because Plaintiff refuses to name him as a party, he will be unable to request attorney fees available to a prevailing party in a copyright

ORDER – 4

case. 17 U.S.C. § 505. Mr. Pleake overplays his hand. Plaintiff is choosing not to name Mr. Pleake, perhaps because Plaintiff is not reasonably certain that it can prove his liability. Mr. Pleake is nonetheless a target of Plaintiff's investigation. He does not contend, at least not in opposition to this motion, that Plaintiff lacks a basis to issue him a subpoena. Plaintiff's motion spells out a reasonable basis to believe that, at a minimum, Mr. Pleake has information that will assist Plaintiff in determining who used Mr. Pleake's internet account to infringe its copyright. Mr. Pleake is entitled to object to that subpoena and to oppose it in court, either in opposition to a motion to compel or in support of his own motion to quash. He is entitled to request that the court relieve any undue burden that the subpoena imposes on him. Rule 45 of the Federal Rules of Civil Procedure permits the court to impose "an appropriate sanction," which "may include lost earnings and reasonable attorney's fees" on a party who uses a subpoena to impose an undue burden.[1] Mr. Pleake does not explain why he prefers to seek attorney fees as a prevailing "party" rather than as a non-party who prevails in demonstrating that a subpoena imposes an undue burden. In any event, Mr. Pleake cannot force Plaintiff to name him as a party, and Mr. Pleake is no more immune from a subpoena for relevant testimony than any other citizen.

### III.  ORDER

With the above considerations in mind, the court issues the following orders in this case. These orders are intended to balance Plaintiff's interests against the interest of unnamed defendants and others embroiled in this investigation. The court will issue similar orders in each of the five other cases where a similar motion is pending (Case Nos. C14-1336RAJ, C14-1684RAJ, C14-1926RAJ, C15-133RAJ, and C15-134RAJ). Plaintiff should expect to receive substantially similar orders in any case in which it files a motion similar to the 6 that are now before the court.

---

[1] Mr. Pleake, relying on an old declaration that does not acknowledge Plaintiff's withdrawal of its requests for documents, requests compensation for having to respond to the subpoena. The court will not award compensation in advance.

ORDER – 5

1) Plaintiff need not file an amended complaint at this time.

2) For any future document that Plaintiff files in this case, and any future order the court issues (including this order), Plaintiff shall serve a copy upon any party who it is prepared to name as a Defendant, and it shall serve a copy upon any person who is the target of a pending subpoena or a subpoena it plans to issue.  In this case, for example, it must serve Mr. Pleake, Ms. Harris, and Doe No. 5.  Plaintiff shall accompany each filing with a certificate of service that reflects its compliance with the requirement.  When Plaintiff serves an order, it shall also file a certificate of service.  To the extent that a person who this order entitles to service will receive notice via electronic filing (through counsel or otherwise), Plaintiff need not take additional steps for service.

3) Plaintiff shall cease to file ex parte motions, except in cases where Plaintiff has yet to identify (by name) a potential defendant or subpoena target.  Plaintiff shall note its motions for relief on the third Friday following their filing, and any person whose interests are impacted by the motion may oppose it no later than the Monday preceding that third Friday.

4) Plaintiff may issue a subpoena, in the manner it proposed in its motion, on Mr. Pleake and Ms. Harris.  Those subpoenas shall demand only deposition testimony at a deposition of two hours or fewer, and shall provide for at least 30 days from the date of service for compliance.

5) Within 90 days of service of each subpoena, Plaintiff must either dismiss its claim against Ms. Harris or Mr. Pleake, file a statement that it is prepared to name him or her, file an amended complaint naming him or her, or file a statement explaining why it has not taken one of the other options.

6) When Plaintiff is prepared to name a defendant, it shall notify that person with a letter stating that Plaintiff is prepared to name him or her as a defendant, but that it prefers to delay naming him or her until it can name all other remaining

ORDER – 6

1
2
3
4
5

defendants.  That letter shall inform the person that he or she has may demand that Plaintiff name him or her.  If the person exercises that option, and Plaintiff is not prepare to file an amended complaint naming all remaining defendants, Plaintiff shall file a new civil action naming only that person, and shall thereafter dismiss that person from this lawsuit.

7) Plaintiff need not provide a copy of this order or take any further action with respect to any individual or entity with which it has reached a settlement or other permanent resolution of its claims.

DATED this 1st day of July, 2015.

                                              The Honorable Richard A. Jones
                                              United States District Judge

ORDER – 7