Honorable Richard A. Jones

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

*Dallas Buyers Club, LLC*,

        Plaintiff

    v.

*DOES 1-10*,

        Defendants.

Case No. 14-cv-1819-RAJ

*Supplemental Amicus* Brief For Consideration In Awarding Default Judgment

Given Plaintiff's apparent pivot towards *ad hominem* attacks in its response to the *amicus* brief, undersigned counsel feels obligated to respond to the allegations directed at him personally.

First, Plaintiff suggests that undersigned counsel publishes a blog that generates clients. Shocking. Plaintiff fails even to attempt a showing at how that fact plays any part at all in this Court's analysis. Plaintiff suggests that undersigned counsel posted a particular article about the instant briefing for the purpose of generating more bittorrent clients.[1] Had Plaintiff's counsel merely read the entire posting, he would have seen that its purpose is to try and identify other instances where Plaintiff has apparently violated the Federal Wiretap Act by randomly monitoring people's private Internet communication for months without

---

[1] Contrary to Plaintiff's suggestion, I freely admit, under penalty of perjury, that if I never get another call from another subscriber wrongly accused of bittorrent piracy, I will be pleased beyond words.

*Amicus* Brief
Case No. 14-cv-1819-RAJ

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

even having (or at least prior to having) any legitimate basis for doing so. More specifically, the posting pointed to by Plaintiff states:

> [U]nderstand that this is just the first table like this I have even reviewed. DBC hasn't filed any more like this to my knowledge here in Seattle. But if you are aware of similar situations, please let me know. I'm compiling these instances in order to support that Federal Wiretap Act claim I mentioned earlier [in the posting].[2]

In addition, Plaintiff makes the completely absurd suggestion that undersigned counsel is overstating his representation of defendants in similar cases. Plaintiff's nonsensical statement is belied by the fact that in this particular case undersigned counsel is the only attorney to have appeared on behalf of *any* defendant, and is one of only a handful of attorneys who have appeared for defendants in all the Dallas Buyers Club cases in this District. And those numbers do not reflect the countless individuals who call undersigned counsel's office for consultation without representation. What Plaintiff's attack actually demonstrates is a situation that should deeply trouble this Court: The vast, overwhelming majority of "John Doe" defendants go unrepresented by counsel, a fact Plaintiff is more than willing to exploit and hopes will continue.

Second, Plaintiff actually suggests that it is undersigned counsel's allegation about the Anthony Reale situation that should trouble this Court. Plaintiff points to a declaration of someone named Daniel Macek which purports to describe a "proprietary software" used by some company named Crystal Bay to identify infringement. Dkt 5 at 3. Mr. Macek describes one – and only *one* – software for identifying infringers. Plaintiff suggests that undersigned counsel *should have known* that Plaintiff also uses a second "cross-reference tool" to provide some form of confirmation of the Crystal Bay "proprietary software." Why should anyone know that? Mr. Macek's declaration only identifies *one*. Plaintiff has never before in this or any other case to undersigned counsel's knowledge ever suggested that it used *two* different tools to identify bittorrent downloaders. Of course, Plaintiff did not

---

2  http://copyright.infringementadvisor.com/2016/02/the-curious-case-of-anthony-reale.html

*Amicus* Brief Reply
Case No. 14-cv-1819-RAJ

Page 2

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

submit any of the "other" investigation materials with its amended complaint against Mr. Reale, nor did Plaintiff submit any of the "other" investigation materials with its filing now. The absence of any mention of any second software before now should cause this Court to question the veracity of that claim. But this Court should be far more troubled if the claim *is* true. Because if it is, that means Plaintiff's counsel attempted to confirm its initial evidence against Mr. Reale using this "second source" of information, and therefore *knew* that the second source *exonerates* Mr. Reale. So why then did Plaintiff formally name Mr. Reale in its amended complaint when its alleged attempt at "confirmation" failed? That is the question that needs to be answered.

Third, Plaintiff suggests that an attorneys fees motion submitted by undersigned counsel on behalf of himself actually supports Plaintiff's claim that $450 per hour is reasonable in this market. How Plaintiff could have so completely misread the cited case is yet another mystery. The case cited by Plaintiff is actually one of two cases cited by this Court in its earlier order finding that $300 per hour is reasonable. See Case No. 14-1153, Dkt 54 at 9 (citing *BWP Media USA Inc. v. Rich Kids Clothing Co., LLC*, No. C13-1975-MAT, 2015 WL 2124933, at *5 (W.D. Wash. May 1, 2015)). More particularly, and as noted by this Court, the rate *actually charged* by undersigned counsel in that case was $350 per hour, not $450 per hour. *Id*. Plaintiff's counsel should read the cases he cites a little more closely.

In addition, the case cited by Plaintiff was a single-defendant copyright infringement case that proceeded through the pleadings stage, all the way through discovery, and through dispositive motions. Indeed, only after securing a victory on summary judgment did undersigned counsel submit a fees motion for a total of roughly $24,000. Here Plaintiff's counsel is asking for $3,000 in attorneys fees for a *default* judgment. The true value of citing undersigned counsel's earlier case is to demonstrate the *unreasonableness* of Plaintiff's requested fees in this case.

Finally, Plaintiff again points to its Exhibit A (Economic Survey of the AIPLA) in support of what Plaintiff claims is a West-Coast range of hourly rates

*Amicus* Brief Reply
Case No. 14-cv-1819-RAJ

Page 3

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

between $330-$545.  Dkt 54 at 7.  Plaintiff fails to provide a citation to exactly where in its Exhibit that range appears, and undersigned counsel cannot find it. What undersigned counsel did find in Plaintiff's Exhibit is the following range for West-Coast counsel (minimum billing rate for IP work):

|  |  | Mean | Low | Median | High |
|---|---|---|---|---|---|
| Los Angeles CMSA | 6 | $267 | $250 | $250 | $298 |
| San Francisco CMSA | 9 | $308 | $225 | $300 | $373 |
| Other West | 19 | $221 | $180 | $200 | $250 |
| One | 18 | $358 | $250 | $308 | $400 |

Dkt 48-1 at 3.

In other words, Plaintiff's own Exhibit actually supports an hourly rate between $180 and $250, less than the Court's earlier award of $300.  Strange that Plaintiff continues to rely on that Exhibit.


Dated: February 9, 2016        Respectfully submitted,


         /s/ *John Whitaker*
         John Whitaker
         WHITAKER LAW GROUP
         1218 Third Avenue, Suite 1809
         Seattle, WA 98101
         p: (206) 436-8500
         f: (206) 694-2203
         e: *john@whitaker.law*

*Amicus* Brief Reply
Case No. 14-cv-1819-RAJ

Page 4

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500

**CERTIFICATE OF SERVICE**

The undersigned attests that the foregoing document has been served on all parties of record via the Court's ECF service system on the date indicated below.

Dated: February 9, 2016         /s/ *John Whitaker*
                                       John Whitaker

*Amicus* Brief Reply
Case No. 14-cv-1819-RAJ

Page 5

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(206) 436-8500